UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No.:

GUILLERMO GARCIA,
and individual,

        Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE, a constitutional office of Broward
County, Florida,

        Defendant.
_____/

## COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS

Plaintiff, Guillermo Garcia (hereinafter "Garcia"), individually, by and through his undersigned counsel, files this Complaint and sues Defendant, Broward County Sheriff's Office (hereinafter "BSO"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court as claims are brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.*, to recover overtime wages, liquidated damages, statutory penalties, other damages, and reasonable attorney's fees and costs.

2. The Court has jurisdiction over this controversy pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Venue is proper in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. §1391 because Defendant BSO is a public agency within the meaning of 29

U.S.C. §203(x) located within the Southern District of Florida and as the events giving rise to this Complaint occurred within this District.

## FACTUAL ALLEGATIONS

4. This is an action to recover overtime wages, liquidated damages, statutory penalties, other damages, and reasonable attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §201, *et seq.*

5. Plaintiff Garcia is an adult resident of Broward County, Florida.

6. Defendant BSO is a "public agency" within the meaning of 29 U.S.C. §203(x) and is an "employer" within the meaning of 29 U.S.C. §203(d). Defendant BSO has its principal office and place of business at 2601 West Broward Boulevard, Fort Lauderdale, Florida 33312.

7. Defendant BSO is governed by and subject to 29 U.S.C. §207.

8. Plaintiff Garcia was employed in the role of a maintenance supervisor with Defendant BSO and earned a yearly salary of $72,234.73 as of the date of his retirement.

9. Notwithstanding the title of maintenance supervisor, Garcia did not have the ability to hire, terminate, advance, promote, or provide a change of status to other employees of BSO, nor was his recommendation provided particular weight in these regards.

10. Plaintiff Garcia was a non-exempt employee within the meaning of 29 U.S.C. §203(e)(2) of Defendant BSO who had his overtime wages unlawfully withheld in direct violation of the FLSA within the past two (2) years.

11. Plaintiff Garcia began his employment with Defendant BSO on July 11, 1989 and ultimately retired in March 2019.

12. At all times material hereto, Defendant required Plaintiff to work hours beyond

forty (40) hours per week, but Plaintiff was not compensated for such overtime, despite being a non-exempt employee under the FLSA.

13. Specifically, BSO required Garcia to carry a cell phone and be available at any time to perform services for the organization.

14. Garcia was not designated a particular time by BSO to be "on-call." Instead, BSO could call upon Garcia twenty-four (24) hours a day and seven (7) days a week.

15. Many of these calls would occur in the middle of the night and Garcia would spend several hours resolving the ongoing issue. The time spent resolving BSO duties would diminish Garcia's personal time and affect his life's abilities.

16. The time that Garcia would spend off the clock and attending to BSO duties was uncompensated.

17. Under the FLSA, Defendant BSO is required to pay its employee not less than one-and one-half times the employee's pay for all hours worked over forty (40) hours in a work week.

18. At all times material times, Defendant BSO's actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendant BSO intentionally and willfully withheld overtime wages to which the Plaintiff was entitled.

19. At all times material hereto, Defendant BSO knew or should have known that by law it was required to pay Plaintiff overtime for all hours worked over forty (40) hours in a work week.

20. All conditions precedent to bringing this lawsuit have been satisfied or waived.

21. Plaintiff has retained undersigned counsel to represent him in this litigation and has agreed to pay a reasonable fee for undersigned counsel's services.

## COUNT I
## (Fair Labor Standards Act - Failure to Pay All Earned Overtime Compensation)

22. Plaintiff re-alleges and reincorporates the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

23. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201, *et seq*.

24. Plaintiff was employed with Defendant BSO as a maintenance supervisor and Plaintiff was paid a salary of $72,234.73.

25. Defendant BSO required Plaintiff to work forty (40) hours per week plus extended overtime hours beyond the forty (40) hours on a frequent basis.

26. Specifically, Defendant BSO required Plaintiff to be available during non-business hours via telephone and/or pager to receive work-related telephone calls. Defendant BSO further required Plaintiff to take, respond to and/or deal with the said telephone calls, in excess of the forty (40) hours per week already worked by Plaintiff. Such overtime work performed by Plaintiff and required by Defendant is not exempt under the FLSA.

27. Consequently, Plaintiff worked overtime for which he is entitled to be compensated.

28. Defendant BSO is obligated to pay Plaintiff overtime wages not less than one and one-half times the employee's regular rate of pay for all hours worked over forty (40) hours in a work week.

29. Defendant BSO has failed and/or otherwise refused to pay Plaintiff for such overtime worked by Plaintiff and required by Defendant in violation of the FLSA.

30. At all relevant times, Defendant BSO has been aware of the provisions of FLSA

and/or knew or should have known of its obligation to pay Plaintiff overtime compensation pursuant to the FLSA, 29 U.S.C. §201, *et seq*. Defendant BSO's actions and/or omissions as alleged herein were knowing, willful, in bad faith and/or in reckless disregard of the provisions of the FLSA.

31. As a direct and proximate cause of Defendant BSO's willful violations of the FLSA, overtime compensation has been unlawfully withheld from the Plaintiff for which Defendant BSO is liable pursuant to 29 U.S.C. §216(b) for such withheld overtime wages for the last three (3) years, together with an equal amount of unpaid overtime wages as liquidated damages, interest, reasonable attorney's fees and the costs of this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff all unpaid overtime compensation and all interest thereon accruing from the date such amounts were due; liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. §216(b); attorney's fees and costs under the FLSA against Defendant BSO; and such other monetary and equitable relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Respectfully submitted, this 4th day of September, 2019.

*/s/ Miguel Armenteros*
Miguel Armenteros, Esq.
Fla. Bar No. 14929
John W. Annesser, Esq.
Fla. Bar No. 98233
Megan H. Conkey, Esq.
Fla. Bar No. 1002944
miguel@aa-firm.com

'
service@aa-firm.com
mconkey@aa-firm.com
jannesser@aa-firm.com
lconley@aa-firm.com
ANNESSER ARMENTEROS, PLLC
2525 Ponce de Leon Blvd, Suite 625
Coral Gables, FL  33134
(786) 600-7446   Telephone
(786) 607-3022   Facsimile
*Counsel for Plaintiff*